## LEAVENSWORTH v. TOMLINSON ET AL.

A *quitam* prosecution for the penalty of a statute, not a civil suit for the purposes of notice.

A former prosecution and acquittal a good bar to a second for the same cause, matter and thing.

ERROR to reverse a judgment of a justice in a *qui tam* prosecution, brought in the name of Tomlinson and the treasurer of the town of Derby, complaining that said Leavensworth on the 30th of April last past, did, after the sun rising on Saturday morning and before the sun setting on Monday evening, draw a seine for the purpose of catching fish in Ousatonick river, at Derby, etc. contrary to the statute, entitled an act for encouraging and regulating fisheries, whereby he had forfeited the sum of £    one-half to the prosecutor and the other to the town treasurer; complaint dated May 17th A. D. 1791, upon which a warrant issued and the defendant was arrested and had forthwith before said justice to answer to said complaint.

The defendant plead in abatement, that said process was in nature of a civil suit upon the statute for the penalty, in which six days' notice ought to have been given. Judgment, that the plea was insufficient.

The defendant then plead in bar, a complaint exhibited against him by Jabez Lake, Jr. to Justice Hotchkiss (recites

the complaint) whereby it appears to be for the same facts, committed at the same time and place — upon which a warrant issued and he was arrested and had before said justice to answer to said complaint — to which he plead not guilty, and upon a full hearing upon the merits, said Justice Hotchkiss gave judgment that the defendant was not guilty, etc. averring that this complaint was for the same cause, matter and thing for which he had been legally tried and acquitted.

The plaintiff replied, that after he had exhibited this his complaint to said justice          on said 17th of May, the defendant procured said Lake to bring forward said pretended suit against him before said Justice Hotchkiss, and to summon witnesses who were wholly ignorant of the facts, which he accordingly did; that there was no other prosecution brought against him and that the same was a sham judgment, obtained fraudulently to defeat the law.    To this reply a demurrer was given.

The justice gave judgment — That the defendant's plea in bar was insufficient and for the plaintiff to recover, etc.

Errors assigned — That the justice ought to have given judgment, that the plaintiff's reply was insufficient, and for the defendant to have recovered his cost, and for this and other errors apparent in the record, he prays said judgment may be reversed.

Judgment — Manifest error; the judgment is irregular in point of form, and erroneous in point of substance; the reply admits the process and judgment set forth in the plea in bar, but the plaintiff hath not set forth facts in his reply with sufficient certainty, to render said judgment fraudulent and void.

A motion was made that the justice might amend his record, but not having any documents to amend by, it was not permitted.